# United States Court of Appeals
## For the First Circuit

No. 03-1065

UNITED STATES OF AMERICA,

Appellee,

v.

GEORGE C. ROY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Richard G. Stearns, U.S. District Judge]

Before

Torruella, Circuit Judge,

Rosenn, Senior Circuit Judge,*

Howard, Circuit Judge.

John F. Cicilline for appellant.
Virginia M. Vander Jagt, Assistant United States Attorney, with whom Michael J. Sullivan, United States Attorney and Susan M. Poswistilo, Assistant United States Attorney, were on brief, for appellee.

July 9, 2004

---

*Of the United States Court of Appeals for the Third Circuit, sitting by designation.

**HOWARD**, **Circuit Judge**. George Roy appeals from his convictions for promotional money laundering, see 18 U.S.C. § 1956(a)(3)(A), and conspiracy to engage in promotional money laundering, see 18 U.S.C. § 1956(h). The charges arose out of three transactions in which Roy, for a commission, exchanged with a cooperating witness over $250,000 in one-hundred-dollar bills for an equivalent amount in bills of smaller denomination. The witness, an acquaintance of Roy's, had approached him posing as a marijuana dealer who needed his money "cleaned" in this way both to keep his supplier happy and to make it easier to travel internationally with large amounts of cash. Much of the evidence consisted of tape recorded conversations between Roy and the witness -- conversations in which Roy expressed an interest in reselling and an ability to resell some five or six hundred pounds of the high grade marijuana to which the witness claimed access.

This case was tried on the theory that, in the course of his dealings with the cooperating witness, Roy both conspired to and did in fact "conduct[] or attempt to conduct[] a financial transaction involving property represented to be the proceeds of specified unlawful activity" -- to wit, marijuana sales involving the cooperating witness -- "with the intent . . . to promote the carrying on of specified unlawful activity" -- to wit, future marijuana sales to and by that same witness. 18 U.S.C. § 1956(a)(3)(A); 18 U.S.C. § 1956(h). Roy's principal appellate

-2-

argument is that the district court committed reversible error in informing the jury that Roy could be convicted if he engaged in the actus reus with an intent to promote "or facilitate" the already referenced marijuana sales.  As Roy correctly points out, the statute makes no mention of an intent to "facilitate"; an intent to "promote" is required.  Promotion and facilitation are not the same, Roy posits, because one can facilitate something simply by doing nothing, whereas one must engage in affirmative conduct in order to engage in "promotion."  Thus, Roy contends, the instruction impermissibly and prejudicially diminished the government's burden of proof.  The government's principal response is that, contrary to Roy's protestations, the words "promote" and "facilitate" are synonymous and have been used interchangeably by a number of appellate courts, including this court, in describing the mens rea required by 18 U.S.C. § 1956(c)(3)(A).  See United States v. LeBlanc, 24 F.3d 340, 346 (1st Cir. 1994); see also United States v. Panaro, 266 F.3d 939, 949-50 (9th Cir. 2001); United States v. Reed, 167 F.3d 984, 993 (6th Cir. 1999); United States v. Paramo, 998 F.2d 1212, 1215-16 (3d Cir. 1993); United States v. Skinner, 946 F.2d 176, 177-78 (2d Cir. 1991).

Individual words usually signify a range of ideas, and we have little trouble agreeing with Roy that, in some contexts, "promotion" and "facilitation" might signify different concepts. Moreover, we may grant for the sake of argument that one sometimes

-3-

may reasonably be thought to have "facilitated" something without actually doing anything, whereas "promotion" always (or at least nearly always) requires affirmative conduct of some sort. But the question here is not whether "promotion" and "facilitation" are always synonymous; the question is whether, in the context of the jury instructions, there is a reasonable likelihood that the jury understood the district court's use of the word "facilitate" to denote something materially easier for the government to prove than the "promotion" that is required by the statute. See United States v. DeLuca, 137 F.3d 24, 37 (1st Cir. 1998) (collecting cases).

Roy says that there is such a reasonable likelihood because the jury instructions "clearly misled the jury as to the level of involvement required to convict Mr. Roy." The argument continues:

> Had the District Court properly instructed the jury on the meaning of promote, the verdict likely would have been different. Mr. Roy's actions may have facilitated the narcotics activity, but that certainly does not mean he promoted, or intended to promote, such activity. Unfortunately, based on the District Court's instructions, the jury believed it was enough to convict Mr. Roy if he merely facilitated the activity.

But Roy's elaboration of his argument incorrectly assumes that the district court's instruction on promotion or facilitation described the actus reus at which the statute is directed. It did not. As set forth above, the instruction described the actus reus prohibited by the statute as the conducting of (or attempted

-4-

conducting of) financial transactions involving the proceeds of unlawful activity (here specified to be marijuana sales). The concepts of "promotion" or "facilitation" came into play only in describing the mens rea with which one must have engaged in the actus reus. Thus, contrary to Roy's argument, the jury was not permitted to convict on a showing that Roy somehow inertly facilitated the narcotics activity. Rather, it was asked whether Roy had engaged in affirmative conduct while harboring a specified mens rea: "to promote or facilitate" the carrying on of the specified narcotics-related activity. Because it is incoherent to say that one engaged in affirmative conduct with an intent to bring about some consequence by means of one's facilitative inaction, we think there is no reasonable likelihood that the jury understood the district court's use of the verb "facilitate" in the jury instructions to denote conduct-free passivity. And because Roy has not suggested any other definition of "facilitate" under which the jury was reasonably likely to have convicted by finding that he engaged in the actus reus with something short of the promotive intent required by the statute, we reject his challenge to the instructions. See DeLuca, 137 F.3d at 37.

Roy's remaining arguments warrant no more than a brief mention. Roy contends that the evidence was insufficient to support the jury's verdict, arguing that the jury could only have found that he exchanged cash for cash with an intent to earn a

-5-

commission (and with an indifference to the success or failure of the marijuana purchases made or to be made with the cash he washed). But Roy's argument in this respect completely omits reference to the evidence that he had expressed an interest in and an ability to resell some five to six hundred pounds of the marijuana to which the cooperating witness claimed access. This evidence permitted the jury to infer that Roy and the witness had a mutual interest in the continued success of the witness's marijuana distribution business. See United States v. London, 66 F.3d 1227, 1242-43 (1st Cir. 1995). Such an inference is sufficient to satisfy the statute. See id.

Roy asserts that the district court inadequately explained to the jury the specific intent required for conviction under the statute. This assertion provides no ground for disturbing the judgment because it has been made without a specific explanation of how and why the instructions fell short. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). This same principle of inadequate appellate briefing dooms Roy's non-specific challenge to "the introduction of evidence relating to marijuana activities." Surely much of the evidence of "marijuana activities" was relevant to the issue of Roy's intent in engaging in the three financial transactions in question. Roy's failure to differentiate among and to discuss in context the effect of the admission of

-6-

specific blocs of such evidence renders incomprehensible his arguments under Fed. R. Crim. P. 401, 403, and 404.

Roy says that the district court "improperly" admitted the excerpts of the taped conversations between himself and the cooperating witness, but he identifies no legal principle or ground in support of his argument. In any event, the court granted Roy's motion under Fed. R. Evid. 106 to play the entire recording so as to avoid any risk of distortion due to incompleteness, see United States v. Awon, 135 F.3d 96, 101 (1st Cir. 1998), abrogated on other grounds in United States v. Piper, 298 F.3d 47, 57 n.5 (1st Cir. 2002), and we fail to see any other possible flaw in the admission of the tapes. Roy also says that the court erred in denying his pretrial motions under Fed. R. Crim. P. 12(d)(2) and 7(f) for a designation of evidence and/or for a bill of particulars, but he fails to explain how he might have been prejudiced by any error in the denial of his motions. A showing of prejudice is essential to the success of these claims. See United States v. Candelaria-Silva, 162 F.3d 698, 702 (1st Cir. 1998) (interpreting Fed. R. Crim. P. 12(d)(2)); see also United States v. Nelson-Rodriquez, 319 F.3d 12, 31 (1st Cir. 2003) (discussing motions for a bill of particulars), cert. denied, 123 S. Ct. 2589-90 (2003). Finally, Roy challenges the court's refusal at sentencing to adjust his offense level for acceptance of responsibility under U.S.S.G. §3E1.1, but the court's ruling was

proper in view of Roy's continued insistence that he acted without the requisite criminal intent.  See United States v. Mikutowicz, 365 F.3d 65, 75-77 (1st Cir. 2004) (acceptance-of-responsibility adjustment not appropriate where defendant admits to the actus reus but goes to trial to contest the government's allegation that his conduct was willful).

**Affirmed**.